# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-3198

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Christopher J. Stolee, | * | |
| | * | [PUBLISHED] |
| Defendant-Appellant. | * | |

————————

Submitted: March 9, 1999

Filed: April 16, 1999

————————

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

————————

PER CURIAM.

Christopher James Stolee pled guilty to bank fraud in violation of 18 U.S.C. § 1344. At sentencing, the district court[1] applied a five-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(6)(B) which provides for enhancement if the defendant's offense "affected a financial institution and the defendant derived more than $1,000,000 in

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, presiding.

gross receipts from the offense." He was sentenced to twenty-four months imprisonment and five years supervised release. United States Sentencing Commission, *Guidelines Manual*, § 2F1.1(b)(6)(B)(Nov. 1997). Stolee appeals his sentence and we affirm.

We review the district court's interpretation of the sentencing guidelines *de novo*. *United States v. Maggard*, 156 F.3d 843, 848-49 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 1094 (1999). Stolee first argues that because the $1,000,000 involved in the offense went to Stolee Communications Inc. ("SCI") and not to him personally, the enhancement does not apply. We disagree. U.S.S.G. § 2F1.1 comment (n. 16) states that "[g]ross receipts from the offense" includes all property "obtained directly or indirectly" from the offense. Stolee was the sole owner and president of SCI. As a result of this position, Stolee arranged for the funds to be deposited into an account he controlled, and he directed how the funds were used. We find that, as such, he indirectly benefitted from the illegally derived funds. *See United States v. Kohli*, 110 F.3d 1475, 1477-78 (9th Cir. 1997) (holding that "gross proceeds" includes funds controlled by the defendant); *United States v. Bennett*, 161 F.3d 171, 192-93 (3rd Cir. 1998) (upholding the enhancement for a defendant who transferred the money to businesses in which he possessed a one hundred percent interest).

Stolee once again relies on U.S.S.G. § 2F1.1 comment (n.16) for his second argument that the enhancement should not be applied to him. Application Note 16 provides in pertinent part: "'[t]he defendant derived more than $1,000,000 in gross receipts from the offense,' as used in subsection (b)(6)(B), generally means that the gross receipts to the defendant individually, rather than to all participants, exceeded $1,000,000." Stolee argues that because the corporation was a "participant" in the offense, and the enhancement does not attribute funds received by other participants in the crime to a defendant, the enhancement was erroneously applied to him. We are not persuaded by this argument. SCI was not a separate participant in this offense, but only the legal entity through which Stolee committed the offense.

Based on the forgoing analysis, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.